IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| MAURICE STEVENS, | ) |
|     Plaintiff, | ) Case No. 1:20-cv-00312 |
|     vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| LIEUTENANT GATTO, and L. FISCUS, *Hearing Examiner*, | ) MEMORANDUM OPINION ON |
| | ) DEFENDANTS' MOTION TO DISMISS |
|     Defendants, | ) |
| | ) ECF NO. 15 |

MEMORANDUM OPINION

I.    Procedural Background

Plaintiff Maurice Stevens, an inmate at the State Correctional Institution at Fayette, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Stevens lodged an initial complaint as an attachment to his motion for leave to proceed *in forma pauperis*. ECF No. 1-4. Upon screening that complaint, the Court found it to be deficient in several respects and ordered Stevens to file an amended complaint. ECF No. 5. Stevens filed the operative Amended Complaint on April 9, 2021, naming Lieutenant Gatto and L. Fiscus, two employees of the Pennsylvania Department of Corrections (DOC), as defendants. ECF No. 6.

On July 19, 2021, Defendants filed a motion to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a brief in support thereof. ECF Nos. 15-16. Stevens subsequently filed a response and brief in opposition to the motion. ECF No. 27.[1] The motion is now ripe for disposition.[2]

---

[1] Copies of these documents are also filed at ECF Nos. 28 and 29.

[2] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636.

1

II.     Standard and Scope of Review

   A.     Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether a plaintiff is likely to prevail on the merits; instead, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed under Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York*,

*Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

B.   *Pro Se* Pleadings

For purposes of a motion to dismiss, a court must employ less stringent standards in considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Despite this liberality,

*pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

III.   Analysis

    A.   Factual Allegations

In the Amended Complaint, Stevens alleges the following facts concerning events during his incarceration at the State Correctional Institute at Forest. On May 27, 2020, Stevens was placed in the Restricted Housing Unit (RHU) after contraband was found in his cell. ECF No. 6 ¶ 13. Although, per DOC policy, Stevens was to receive a copy of the misconduct report within 24 hours of its issuance, he did not. *Id.* ¶¶ 14-15. When he belatedly received a copy of the report, it was signed by Lt. Gatto and indicated that it had been timely served. *Id.* ¶¶ 16-17.

Hearing Examiner L. Fiscus conducted Stevens's misconduct hearing on June 1, 2020. *Id.* ¶ 22. Stevens raised the issue of improper and untimely service of the misconduct report at the hearing, but Fiscus denied him the opportunity to present evidence and found him guilty. *Id.* ¶¶ 23-25. He was sanctioned to 60 days in the RHU, which turned into 187 days and ultimately a transfer from the facility. *Id.* ¶ 32.

    B.   Count One: Denial of due process

In Count One, Stevens claims that Defendants' actions in the misconduct proceedings denied him due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *Id.* ¶¶ 32-33. In support of their motion to dismiss, Defendants argue that the Fifth and Sixth Amendments are inapplicable to this case and that the claim pursuant to the Fourteenth Amendment fails because Stevens has failed to allege a liberty interest. ECF No. 16 at 5-6. Defendants are correct.

The due process clause of the Fifth Amendment "only protects against federal governmental action and does not limit the actions of state officials." *Caldwell v. Beard*, 324 Fed. Appx. 186, 189 (3d Cir. 2011).  The defendants in this case are state actors.  Further, the rights due under the Sixth Amendment apply only in criminal prosecutions, not in prison disciplinary proceedings.  *Prater v. Wetzel*, 2015 U.S. Dist. LEXIS 68791, at *16 (E.D. Pa. 2015) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 576 (1974); and *Kirby v. Illinois*, 406 U.S. 682, 690 (1972)). The due process claims under these Amendments will be dismissed.

Under the Fourteenth Amendment, procedural due process rights are triggered only by deprivation of a legally cognizable liberty interest. *See Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003).  In the prison context, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Any lesser restraints on a prisoner's freedom fall "within the expected perimeters of the sentence imposed by a court of law" and will not constitute a protected liberty interest.  *Id.*  The United States Court of Appeals for the Third Circuit has held that "an administrative sentence of disciplinary confinement, by itself, its not sufficient to create a liberty interest …." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (citing *Sandin*, 515 U.S. at 486).  Defendants also cite to, *inter alia*, *Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997), a case in which the Third Circuit held that a prisoner housed in a restrictive unit for a period as long as 15 months was not deprived of a liberty interest such that he would be entitled to due process protection.  ECF No. 16 at 6.  Defendants correctly extrapolate from that holding the conclusion that Stevens' 187 days in the RHU, a significantly shorter period than that in *Griffin*, did not implicate a liberty interest sufficient to trigger procedural due process protections. *Id.*  In response to this argument, Stevens points to the differences between housing in the general population and

in the RHU, such as limited recreation, denial of phone calls, visits from family, and access to personal property, and argues that these differences raise a protected liberty interest. ECF No. 27 at 5-6. However, disciplinary housing commonly results in the loss of privileges like those Stevens describes; such a loss does not constitute a departure from the typical and accepted conditions of confinement so as to give rise to a liberty interest. *See Overton v. Bazzetta*, 539 U.S. 126, 137 (2003); *Castillo v. FBOP FCI Fort Dix*, 221 Fed. Appx. 172, 175 (3d Cir. 2007).

Stevens' allegations regarding the duration of his confinement in the RHU and his associated loss of privileges do not present a protected liberty interest; therefore, his due process claim under the Fourteenth Amendment will be dismissed.

        C.        Count Two: Cruel and Unusual Punishment

At Count Two, Stevens asserts that, through their actions in the disciplinary process, Defendants were deliberately indifferent to his suffering, mental anguish, and due process rights in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. ECF No. 6 ¶¶ 34-36. He seeks compensatory damages for "the pain and mental anguish" he suffered as a result. *Id.* at 6. In support of their motion to dismiss, Defendants argue that the "explicit source doctrine" bars this claim and that even if the claim is not so barred, Stevens has not stated a claim under the Eighth Amendment. ECF No. 16 at 6-8. In opposition to the motion, Stevens asserts that the explicit source doctrine does not apply and that he is bringing a true Eighth Amendment claim alleging that Defendants were deliberately indifferent to the danger to his mental health from being placed in restricted housing. ECF No. 27 at 7-9.

Assuming *arguendo* that the explicit source doctrine does not apply here, Stevens's claim nonetheless fails. As a preliminary matter, the Prison Litigation Reform Act ("PLRA") prohibits any federal civil action from being brought by a prisoner for mental or emotional injury suffered

while in custody without a prior showing of physical injury (or the commission of a sexual assault, which is not alleged in this case). 42 U.S.C. § 1997e(e). Stevens fails to allege any type of injury, but even if his references to pain and mental anguish suffice to allege a mental injury, that injury is not compensable because he has not made a prior showing of physical injury.

Further, for the same reasons set forth above in support of the conclusion that Stevens's placement in restrictive housing did not constitute a departure from the typical and accepted conditions of confinement, neither his placement in the RHU nor the accompanying loss of privileges falls below the standards mandated by the Eighth Amendment. *See Overton*, 539 U.S. at 136-37; *Castillo*, 221 Fed. Appx. at 175.

For all of these reasons, Count Two will be dismissed.

IV.   Leave to Amend

The United States Court of Appeals for the Third Circuit, in *Phillips v. County of Allegheny*, has ruled that if a District Court is dismissing a claim under Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

The Court finds that further amendment of this complaint would be futile. Accordingly, no leave to amend is granted.

V.   Conclusion

For the reasons discussed herein, the Motion to Dismiss will be granted and judgment entered in favor of Defendants. An appropriate order follows.

Dated: December 6, 2021

BY THE COURT:

_/s/ Richard A. Lanzillo_
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE